UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (FLINT)

In Re:                                        CASE NO. 12-31238-dof
GERALD I. VAUGHN                              Chapter 7
SSN xxx-xx-0110                               Hon. Daniel S. Opperman
GERALDINE S. VAUGHN                           Pet.Filed: 03/22/2012
SSN xxx-xx-8919
4168 Sundance Meadows
Howell, MI 48843
_____ Debtor  /

MOTION FOR TURNOVER AND FOR FINDING OF CONTEMPT
AND ATTORNEY FEES UNDER 28 USC 1927

Now comes Collene K. Corcoran, Trustee, by and through

counsel Thomas J. Budzynski, and requests as against the debtors

and their counsel an order for turnover, a finding of contempt,

and an order for fees under 28 USC 1927, stating as follows:

1.    That this case was filed on March 22, 2012.

2.    That as of the date of this motion, the debtors have

failed to complete a 341 hearing, having most recently missed a

rescheduled 341 approximately three weeks ago.

3.    That the debtors have unreasonably delayed this case

with the assistance of counsel, and interfered with the orderly

administering of this case as follows:

        a.  The debtors initially filed incomplete and believed
            purposely vague schedules, failing to make full and
            complete disclosure of assets and business
            dealings;

        b.  That since the time of filing, the debtors have
            collected and spent assets properly belonging to
            the estate--specifically rents from Florida
            property which they continue to collect and spend,
            and land contract payments;

1

c. The debtors have failed to cooperate with the trustee in making full disclosure of assets and their source. Most recently, the debtors' counsel was requested to provide the location for purposes of pick up of a certain Pontiac Lemans, and have failed to provide such location although requested to do so on March 27, 2013;

d. That on March 27, 2013, the debtors were further requested to provide complete details on the Florida rentals;

e. At such time as the trustee determined that the debtors were in fact possessed of assets far in excess of what the debtors disclosed in their schedules, the debtors commenced delaying actions by failing to appear at 341 hearings, filing motions to convert the case to a reorganization case, and avoiding any cooperation with the trustee;

f. That the debtors have consistently dealt in assets belonging to the estate by accepting and spending rent proceeds from property in Florida and refusing to provide complete transaction details, taking land contract payments properly belonging to the estate and spending them, using estate funds to support property allegedly belonging to others, i.e., cottage, but at all times treating the property as belonging to them personally;

g. By using estate property to deal with creditors, i.e., Monroe Bank and Trust, and failing to advise the estate of their actions;

h. That even though there have been several amendments to the schedules that the debtors filed, the amendments were filed only in an instance where the debtors had been found to have misrepresented facts, and as of this date, the debtors have failed to file fully accurate statements;

i. That the debtors failed to disclose the location, and in fact that they actually had in their possession, assets removed from various business premises;

2

4.    That it is appropriate the court order immediate turnover of the Pontiac Lemans and disclosure of its location, immediate turnover of rents received from the Florida property and a disclosure of the rental agent and all pertinent contact information.

5.    That the debtors be found in contempt of court for failure to attend the 341 meeting.

6.    That the court further find that the debtors' counsel has unreasonably and vexatiously multiplied the proceedings in this case, and caused unreasonable delay in the proceedings such that the attorney be required to pay all legal expenses incurred to date in this case.  This multiplication in pleadings was caused by the failure to make full disclosure of assets of the debtors which failure continues to this date, failure to advise debtors that they could not utilize certain funds, and continued amendments filed only upon the debtors being found out.

These actions are violative of the full disclosure requirements of the Code, and the continuing actions in failing to voluntarily provide data are unreasonably delaying proceedings.

WHEREFORE, the trustee requests that the debtors be found in contempt of court and appropriate sanctions be imposed, that the debtors be ordered to make full and immediate disclosure of rental transactions, all funds received, rental agent contacts

3

and pertinent information. That the debtor be required to immediately turnover the Pontiac Lemans to the trustee's agent, that the debtors be required to appear and complete their 341, that the debtors' counsel be required to recompense the estate for all attorney fees and costs incurred in attempting to locate and administer assets. That the debtor be required to make full disclosure of disposition of the corporate assets both pre and post petition, including those taken to the debtors' basement.

Respectfully submitted,

/s/ *Thomas J. Budzynski*
Thomas J. Budzynski PC
Attorney for Ch. 7 Trustee
43777 N. Groesbeck Hwy.
Clinton Twp., MI 48036
(586) 463-5253
lawoffice@tjbudzynskipc.com
P26355

Dated: 4/11/13

4

In Re:                               CASE NO. 12-31238-dof
GERALD I. VAUGHN                     Chapter 7
SSN xxx-xx-0110                      Hon. Daniel S. Opperman
GERALDINE S. VAUGHN                  Pet.Filed: 03/22/2012
SSN xxx-xx-8919
4168 Sundance Meadows
Howell, MI 48843
                        Debtor   /
_____

ORDER FOR TURNOVER, FINDING OF CONTEMPT
<u>AND AWARDING ATTORNEY FEES UNDER 28 USC 1927</u>

The matter having come before the Court on motion of Chapter
7 Trustee, interested parties having had notice and opportunity,
and the Court being otherwise advised;

IT IS HEREBY ORDERED:

That the debtors are found to be in contempt of court and
its orders, and the Court imposes sanctions in the amount of
$_____ as against debtors Gerald I. Vaughn and Geraldine S.
Vaughn, jointly and severally;

That the debtors shall disclose the location of and
immediately turnover the Pontiac Lemans to the trustee's agent;

That the debtors shall appear and complete their 341,
making full and immediate disclosure of their affairs, including
but not limited to, all rental transactions, all funds received,
rental agent contacts, land contract transactions, full
disclosure of disposition of the corporate assets both pre and
post petition, including those taken to the debtors' basement,

1

and shall provide any and all other information requested by the trustee.

That debtors' counsel shall compensate the estate for all attorney fees and costs incurred in attempting to locate and administer assets in the amount of $_____.

In Re:                                    CASE NO. 12-31238-dof
GERALD I. VAUGHN                          Chapter 7
SSN xxx-xx-0110                           Hon. Daniel S. Opperman
GERALDINE S. VAUGHN                       Pet.Filed: 03/22/2012
SSN xxx-xx-8919
4168 Sundance Meadows
Howell, MI 48843
_____ Debtor    /

## NOTICE OF MOTION FOR TURNOVER AND FOR FINDING OF CONTEMPT
## AND ATTORNEY FEES UNDER 28 USC 1927

COLLENE K. CORCORAN, by and through her attorney, Thomas J. Budzynski, has filed papers with the court **FOR TURNOVER OF CERTAIN ASSETS, FOR FINDING OF CONTEMPT, AND ATTORNEY FEES UNDER 28 USC 1927**.  The Motion is on file with the Bankruptcy Court Clerk's Office and may be examined by any party in interest.

**Your rights may be affected**.  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to extend the time for the trustee to accept or reject unexpired leases and executory contracts, or if you want the court to consider your views on the motion, within 14 days, you or your attorney must:

1.    File with the court a written response or an answer, explaining your position at:

United States Bankruptcy Court
226 W. Second St.
Flint, MI 48502

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it within 14 of the date of this Notice.  All attorneys are required to file pleadings electronically.

You must also mail a copy to:
Thomas J. Budzynski, 43777 N. Groesbeck Hwy., Clinton Twp., MI 48036
Collene K. Corcoran, P.O. Box 535, Oxford, MI 48371

2.    If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection, and may enter an order granting that relief.**

Dated: 4/11/13                        _/s/ Thomas J. Budzynski_
                                      Thomas J. Budzynski PC
                                      Attorney for Ch. 7 Trustee
                                      43777 N. Groesbeck Hwy.
                                      Clinton Twp., MI 48036
                                      (586) 463-5253
                                      lawoffice@tjbudzynskipc.com

* Response or answer must comply with F.R.Civ.P. 8(b),(c) and (e)

In Re:                                    CASE NO. 12-31238-dof
GERALD I. VAUGHN                          Chapter 7
SSN xxx-xx-0110                           Hon. Daniel S. Opperman
GERALDINE S. VAUGHN                       Pet.Filed: 03/22/2012
SSN xxx-xx-8919
4168 Sundance Meadows
Howell, MI 48843
_____ Debtor   /

CERTIFICATE OF SERVICE
MOTION FOR TURNOVER AND FOR FINDING OF CONTEMPT
AND ATTORNEY FEES UNDER 28 USC 1927

        I hereby certify that on April 11, 2013, I electronically
filed the foregoing Paper(s) with the Clerk of the Court using
the ECF system which will send notification of such filing to the
following:

John A. Anderson janderson@gmhlaw.com, abrookins@gmhlaw.com
John A. Anderson janderson@gmhlaw.com,tmihelick@gmhlaw.com,
abrookins@gmhlaw.com
Margaret Bartindale bartindalem@michigan.gov, hauscha@michigan.gov
Brett A. Border bborder@sspclegal.com, pdiaz@sspclegal.com
John W. Butler info@butler-butler.com, edm@butler-butler.com
Collene K. Corcoran trusteecorcoran@gmail.com, ckc@trustesolutions.net
Emily McKenzie Coyle ecoyle@plunkettcooney.com, khoulihan@plunkettcooney.com
Michael P. Hogan ecf@kaalaw.com
Elizabeth Kanous Easternecf@trottlaw.com
David A. Lerner dlerner@plunkettcooney.com, nwinagar@plunkettcooney.com
Anthony James Miller amiller@schneidermiller.com
Crystal L. Price-Buckley easternecf@trottlaw.com
Karen L. Rowse-Oberle krowse-oberle@butler-butler.com, edm@butler-butler.com
Kenneth M. Schneider kschneider@schneidermiller.com
Stephen Edward Spence steve.e.spence@usdoj.gov


and I hereby certify that I have mailed by United States Postal
Service the Paper(s) to the following non-ECF participants:

                            /s/  Marilyn E. Lewis
                            _____
                            Secretary to
                            Thomas J. Budzynski P26355
                            Thomas J. Budzynski PC
                            Attorney for Ch. 7 Trustee
                            43777 Groesbeck Hwy.
                            Clinton Twp., MI 48036
                            (586) 463-5253
                            lawoffice@tjbudzynskipc.com

Dated: 4/11/13