UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    GERALD I. VAUGHN                            Case No. 12-31238-dof
    and GERALDINE S. VAUGHN,                Chapter 7 Proceeding
             Debtors.                               Hon. Daniel S. Opperman
_____/

OPINION DENYING DEBTORS' MOTION FOR RECONSIDERATION
OF MARCH 25, 2013, ORDER DENYING MOTION
TO CONVERT FROM CHAPTER 7 TO CHAPTER 11

Debtors Gerald and Geraldine Vaughn have filed a Motion for Reconsideration of this Court's March 25, 2013, Order Denying Debtors' Motion To Convert Their Chapter 7 Case to a Chapter 11 Case. That Order was entered after the Court issued its bench opinion on March 18, 2013. The instant Motion is brought pursuant to Federal Rule of Bankruptcy Procedure 9023 and Local Rule of Bankruptcy Procedure, E.D. Mich. LBR 9024-1, and was filed within 14 days after entry of the March 25, 2013, Order. It is, therefore, timely filed under Rule 9024-1.

Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, a motion for reconsideration may be filed within fourteen (14) days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consolidated*

1

*Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Rule 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard). An appellate court reviews a bankruptcy court's decision regarding a motion for reconsideration under an abuse of discretion standard.

The Debtors assert in their Motion for Reconsideration that the Court "improperly shifted" the burden of proof to the Debtors "to demonstrate their own good faith, rather than requiring the Trustee to meet her burden of demonstrating a lack of good faith." The Court is, thus, presuming that Debtors file this Motion asserting that a "clear error of law" demonstrates a palpable defect warranting reconsideration.

The Court noted in its March 18, 2013, bench opinion that Debtors do have the burden of proof as the moving parties in a Motion to Convert from Chapter 7 to Chapter 11 filed pursuant to 11 U.S.C. § 706(a) (Transcript, Docket No. 172, at 17). This is an accurate statement of the law. *See In re Broad Creek Edgewater, LP*, 371 B.R. 752, 757 (Bankr. D.S.C. 2007) ("The debtor must first make a *prima facie* case for conversion (showing that there has been no prior conversion of the case, that the debtor is eligible for relief under § 109, and that conversion is to achieve a purpose permitted under the proposed Chapter)."). Debtors did not make a *prima facie* case for conversion. The Court carefully analyzed this Motion under the factors laid out in *Alt v. United States (In re Alt),* 305 F.3d 413 (6th Cir. 2002) and *Copper v. Copper (In re Copper)*, 426 F.3d 810 (6th Cir. 2005). The Court concluded that Debtors failed to meet their burden of demonstrating why their non-absolute right to convert should be granted under Section 706(a), after first determining that the Trustee met her burden of establishing Debtors' lack of good faith under the facts and history of this case.

2

Thus, there is no clear error of law and no palpable defect. Accordingly, the Court denies the instant Motion for Reconsideration.

An Order will enter contemporaneous with this Opinion.

**Signed on July 16, 2013**

                                                  **/s/ Daniel S. Opperman**
                                                **Daniel S. Opperman**
                                                **United States Bankruptcy Judge**